DENNIS McLANE, Plaintiff and Respondent, *v*. FARMERS
INSURANCE EXCHANGE, Defendant and Appellant.

No. 11248.
Submitted June 22, 1967.   Decided August 24, 1967.
Rehearing denied October 18, 1967.
432 P.2d 98.

Poore, Poore, McKenzie & Roth, Allen R. McKenzie (argued), Butte, for appellant.

McKeon & Brolin, John L. McKeon (argued), Anaconda, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the defendant from a judgment entered in the District Court of Deer Lodge County in favor of plaintiff in an action seeking recovery on an insurance policy.

The plaintiff had previously recovered a judgment against one Gerald Roberts as a result of an automobile collision caused by Roberts' negligence. Roberts had been issued an automobile liability insurance policy by the defendant prior to the collision. This suit was brought to recover on that insurance contract.

The policy was issued on May 22, 1964, for a period of six months. On June 7, 1964, Roberts was involved in the collision with the plaintiff. By at least the 17th of that month defendant acquired information that Roberts had not answered all the questions on the application for insurance truthfully. The defendant continued to accept premium payments from Roberts on June 18 and 23, 1964. Prior to June 30, 1964, the defendant paid other claims arising from the same accident. A suit against Roberts was brought by the plaintiff on June 24, 1964. On July 10, 1964, the defendant sent notice to Rob-

erts declaring the insurance policy rescinded and void from the beginning because of the misrepresentations.

On July 22, 1964, plaintiff was granted judgment against Roberts and the next day brought this action against defendant to recover the amount of the judgment reduced to the amount of the insurance policy. The defendant counterclaimed against Roberts and on February 4, 1966, received a default judgment against him. The District Court gave judgment to the plaintiff stating the defendant could have cancelled under the terms of the policy or brought an action to rescind and since it did neither plaintiff could recover.

On this appeal defendant contends that the insurance policy was voidable because of the misrepresentations and that this would negate any coverage to Roberts from its inception. (Citing 89 A.L.R.2d 1027.) Resolving that issue in favor of defendant, however, is not determinative in this case, since if the policy was voidable as defendant contends then another issue arises, that being: Was the conduct of the defendant after notice, and prior to the attempted rescission, such that it would amount to an implied waiver of its right to rescind? If so, the policy was in effect at the time of the accident and plaintiff could recover.

The defendant would have to meet the requirements of R.C.M.1947, §§ 40-3713 and 13-905 to rescind. The defendant had a right to a reasonable time in which to investigate (Cannon v. Travelers Indemnity Co., 314 F.2d 657 (C.C.A. 8, 1963); Hesselberg v. Aetna Life Ins. Co., 75 F.2d 490 (C.C.A. 8, 1935) and upon discovering the facts entitling him to rescind he was required to act promptly to rescind. (R.C.M.1947, § 13-905, subd. 1; Fontaine v. Lyng, 61 Mont. 590, 202 P. 1112; Restatement, Contracts, § 483; Williston on Contracts, § 1525). Defendant learned at least by June 17, 1964, that it might have a right to rescind because of the misrepresentations. After acquiring this knowledge it continued to act in a manner inconsistent with an election to rescind. It accepted premium

payments and paid other claims arising out of the same accident. It was not until after the foregoing and the filing of plaintiff's suit against Roberts that the record shows any action on the part of the defendant to further investigate the misrepresentations or rescind. There was more than a mere passage of time. The defendant's affirmative acts were sufficient to show an implied waiver and thus the length of time between discovery and attempted recission is not material in this case. The defendant did not meet the requirement that he promptly rescind and thus has waived his right to void the policy ab initio.

Defendant has pointed out the case of Travelers Indemnity Company v. Harris, 216 F.Supp. 420 (U.S.D.C.Mo.1961), in which a delay of 40 to 42 days after notice of the misrepresentation before rescission was found not to be a waiver. That case is distinguished from the present case in that the only affirmative act showing waiver was the commencement of the investigation of the accident, and the court found that was terminated within a reasonable time after notice.

Also cited by defendant is the case of Keys v. Pace, 358 Mich. 74, 99 N.W.2d 547, 553 (1959). That case is distinguished from the case at bar because in that case the insurance company did not have actual notice of the misrepresentations until after it had commenced defending the suit. The court in that case said "In fact, when actual knowledge was gained, the insurer was not slow to act, cancelling the policy *ab initio* and withdrawing its legal representation of the insured."

The defendant contends that the plaintiff can have no more rights in the policy than Roberts. (Fireman's Fund Indemnity Co. v. Kennedy, 97 F.2d 882 (C.C.A. 9, 1938)). Consequently, the defendant contends, its default judgment against Roberts determines the rights of the plaintiff to recover on the policy. However, the judgment against Roberts cannot affect the rights of the plaintiff for his rights vested prior to the attempted rescission. (45 C.J.S., Insurance, § 453)

They vested either at the time of the accident or at the time of the implied waiver of the right to rescind. Exactly which of the two possible times this court need not decide. In either case Roberts and the defendant cannot do anything either in concert or through the failure of Roberts to defend to affect the rights of plaintiff after they vested. 45 C.J.S., Insurance, § 455a (2). Once there has been a waiver it could not be revoked as to the plaintiff without his consent. 45 C.J.S., Insurance, § 678. There can be a valid waiver as to the plaintiff even though Roberts has not defended his own possible rights. 45 C.J.S., Insurance, § 677.

The determination that the policy was effective until notice of rescission determines plaintiff's rights to recover. "Cancellation of an insurance policy for any cause whatsoever is always a serious matter, both for the insured and for the insurer * * *. Unless convinced that the trial court reached an impermissible conclusion thereon, this court will not reverse." Cannon v. Travelers Indemnity Co., 314 F.2d 657.

In Empire Fire and Marine Ins. Co. v. Goodman, 147 Mont. 396, 412 P.2d 569, the insurer brought a declaratory judgment action against its insured, and while our decision did not turn upon that point we did make reference to the fact that the district court, under its view of the law, had found that the plaintiff had alleged facts which in themselves denied the plaintiff the relief that it sought. In the instant cause the facts appearing in this record deny appellant the relief it seeks.

The judgment is affirmed.

MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.