No. 84-426

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

SAFECO INSURANCE COMPANY,

Plaintiff and Respondent,

-vs-

CLIVE H. LAPP, PROSPECTOR CHEVROLET,
INC., a Montana corp., and
VIRGIL BENJAMIN, GLADYS I. BENJAMIN
and MARIE BENJAMIN, individually
and as co-personal representatives
of the ESTATE OF MERLIN VIRGIL
BENJAMIN,

Defendants and Appellants.

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

William J. Krutzfeldt, (Benjamins), Miles City,
Montana
P. Keith Keller; Keller, Reynolds, Drake, Sternhagen
and Johnson, (Lapp), Helena, Montana
J. Dwaine Roybal; Keefer, Roybal, Hanson, Stacey
and Jarussi, (Prospector Chevrolet), Billings,
Montana

For Respondent:

Gene I. Brown; Landoe, Brown, Planalp, Kommers and
Johnson, Bozeman, Montana

Submitted on Briefs:  December 7, 1984

Decided:  March 5, 1985

Filed:  MAR 6- 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Safeco Insurance Company brought this action in Lewis and Clark County District Court for a declaratory judgment to determine its rights and obligations under a garage liability insurance policy that it issued to Prospector Chevrolet, Inc. On cross-motions for summary judgment, the District Court ruled that Safeco had no obligation to defend the lawsuit or pay a judgment under the policy. Defendants appeal and we affirm.

On September 16, 1981, a 1978 Chrysler Cordoba automobile driven by Clive H. Lapp allegedly crossed the centerline of U.S. Interstate Highway 94 in Custer County, Montana and collided with a 1972 Ford Pinto driven by Merlin Virgil Benjamin. Merlin Benjamin was killed. On November 8, 1982, the widow and other heirs of Benjamin filed a wrongful death action in Custer County naming Clive H. Lapp and Prospector Chevrolet, Inc. as defendants.

Safeco Insurance Company issued a policy of liability insurance to Prospector that allegedly covers all vehicles owned by Prospector. On August 12, 1983, Safeco filed this action for declaratory judgment to determine its obligations under its policy of insurance.

Clive H. Lapp purchased a 1978 Chrysler Cordoba from Prospector Chevrolet on July 24, 1980. Lapp paid cash for the car and secured a temporary license sticker for it. He drove the car around Helena for a couple of months, then returned to Miles City.

Prospector did not forward the title documents for the Cordoba to the County Treasurer's Office in Lewis and Clark

County where Lapp was temporarily residing. The title documents were sent by Prospector Chevrolet to Custer County sometime in October 1980, over three months from the date of purchase. These documents contained some errors. The application for certificate of title had the name of a Mr. and Mrs. Russell lined out and the name of Prospector Chevrolet inserted on the line entitled purchasers. The name of Holms Car Rental of Montana appears as seller. In the space provided for the new purchaser, the names Olive H. Lapp and/or Margaret Lapp appeared.

When Clive Lapp went to the Custer County Treasurer's Office in October 1980, he was informed that title to the automobile could not be transferred to him because the name Olive Lapp instead of Clive Lapp appeared on the application for title. Clive Lapp did not sign the defective application. He did not notify Prospector of the difficulty with the title instrument or take any other action to cause a valid certificate of title to be issued to him. A certificate of title was never issued to Clive Lapp or Prospector Chevrolet. Record title has remained in the name of Holms Car Rentals of Montana. Clive Lapp took the license plates from a 1972 Rambler that he had previously owned and placed them on the Cordoba. He illegally used these license plates until the collision with Mr. Benjamin.

The only issue on appeal is whether Prospector Chevrolet, Inc. was the owner within the meaning of its insurance policy with Safeco of the 1978 Chrysler Cordoba driven by Clive Lapp on September 16, 1981.

Appellant contends that legal title remained in Prospector because all of the steps required for transfer of the motor vehicle under Title 61 of the Montana Code

Annotated were not completed. We think that the motor vehicle statutes are relevant but not determinative. Ownership for insurance purposes can be determined by the intent of the parties and language of the insurance contract. See National Farmers Union Property and Casualty Co. v. Colbrese (9th Cir. 1966), 368 F.2d 405, cert. denied (1967), 386 U.S. 991, 87 S.Ct. 1306, 18 L.Ed.2d 336. In National Farmers Union, the court rejected the notion that ownership depended solely on bare legal title and held that a driver who had paid cash for a vehicle and exercised full dominion and control over it for three years was the owner for insurance purposes even though no proper certificate of title was transferred.

Prior to 1971, the courts of Montana held that the Motor Vehicle Code, and in particular, § 53-109(d), R.C.M. (1947) determined ownership of motor vehicles. Section 53-109(d), R.C.M. (1947) provided:

> "Until said registrar shall have issued a certificate of registration and certificate of ownership and statement as hereinbefore provided, delivery of any motor vehicle shall be deemed not to have been made and title thereto shall not have passed and said intended transfer shall be incomplete and not be valid or effective for any purpose."

This section was held to control all transfers of title or ownership of automobiles for the purpose of tort law and liability coverage. Safeco Insurance Company of America v. Northwestern Mutual Insurance Company (1963), 142 Mont. 155, 382 P.2d 174; Irion v. Glens Falls Insurance Company (1969), 154 Mont. 156, 461 P.2d 199.

In 1971, the legislature deleted § 53-109(d) R.C.M. (1947) from the Laws of Montana. At the same time, new legislation setting forth the procedure to transfer and

- 4 -

register motor vehicles was enacted. This new law is primarily aimed at public regulation of automobiles and not at determining legal ownership. Section 61-3-105, MCA, creates a presumption of ownership in the registrant for the purposes on Title 61. This evidentiary presumption can be overcome by the facts in a particular case. Section 61-3-201, MCA, relied upon by the appellant, sets forth requirements for transferring the certificate of ownership. They are not requirements to transfer ownership itself between two parties for insurance purposes.

Section 61-1-310, MCA, defines the "owner" of a motor vehicle. An "owner" under that statute includes, among others, one in whom is vested right of possession or control of a vehicle "subject to a lease, contract or other legal arrangement vesting right of possession or control." Under that definition, although the certificate of title had not transferred to him, Clive Lapp was nevertheless the owner of the motor vehicle under his completed contract of purchase with Prospector Chevrolet.

Other jurisdictions hold that in factual situations similar to the one before us the provisions of the Uniform Commercial Code on sales apply and their respective Motor Vehicle Codes do not preempt the UCC. See Country Mutual Insurance Co. v. Aetna Life and Casualty Insurance Co. (1979), 69 Ill.App.3d 764, 387 N.E.2d 1037; American Mutual Fire Insurance Company. v. Cotton States Mutual Insurance Company (1979), 149 Ga.App. 280, 253 S.E.2d 825; Hughes v. Al Green Inc. (1981), 65 Ohio St.2d 110, 418 N.E.2d 1355.

The sale of an automobile is a transaction in goods within the meaning of the Uniform Commercial Code which was adopted in Montana and codified in Title 30 of the Montana

Code Annotated. Section 30-2-401, MCA, deals with passage of title under the Commercial Code. In pertinent part, § 30-2-401, MCA, provides:

> "Each provision of this chapter with regard to rights, obligations and remedies of the seller, buyer, purchasers or other third parties applies irrespective of title to the goods except where provision refers to such title. Insofar as situations are not covered by the other provisions of this chapter and matters concerning title become material the following rules apply:

> ". . .

> "(2) Unless otherwise explicitly agreed title passes to the buyer at the time and place at which the seller completes his performance with reference to physical delivery of the goods, despite reservation of a security interest and even though a document of title is to be delivered at a different time and place;. . ."

Prospector Chevrolet, Inc. delivered the vehicle to Clive H. Lapp in July 1980. The sale was complete and Lapp became the owner of the vehicle. Lapp had the right to use or dispose of the automobile as he wished. Prospector had relinquished all its legal rights to the vehicle even though it still had the statutory duties relating to transfer of certificate of ownership. We hold the legal title to the automobile passed to Clive H. Lapp on the date of delivery.

The order of the District Court ruling that Safeco Insurance Co. has no duty to defend Prospector Chevrolet from any suit or obligation to pay any judgment arising from the collision between Clive H. Lapp and Merlin Virgil Benjamin on September 16, 1981 is affirmed.

Affirmed.

_____
                    Justice

We Concur:

- 6 -

_John Conway Harrison_

_[signature]_

_Frank B. Morris_

_William E. Hunter_

Justices