MR. JUSTICE SHEEHY,
dissenting:
The decision of the District Court that the Truck Insurance Exchange policy provides coverage to Patricia Kent as an insured for the accident which occurred on July 10, 1981 should be affirmed because (1), under the policy, the 1979 Ford Bronco was an “owned automobile”; and (2), the intent of Dennis Jordet was to own the automobile for otherwise Patricia Kent could not acquire it.
Dennis Jordet alone purchased a used 1979 Ford Bronco from Ryan Oldsmobile in Billings, Montana, by entering into an installment sales contract with that dealer on May 29, 1981.
Dennis Jordet purchased the 1979 Ford Bronco because on May 29, 1981, and on July 10, 1981, Patricia Kent was a minor. She was not capable of entering into a contract for the purchase of an automobile. Her name does not appear on the installment sales contract. (“All persons are capable of contracting except minors . . . .” Section 28-2-201, MCA.) As the purchaser under the installment sales contract Jordet was legally liable to General Motors Acceptance Corporation, which took over the sales contract from Ryan Oldsmobile, for all of the obligations of the buyer under the installment sales contract, including a deficiency judgment, if foreclosure became necessary.
There is no doubt that the purchase of the automobile by Dennis Jordet was intended by him for the use and benefit by his minor sister-in-law, Patricia Kent. It was undoubtedly his intent that the payments would be made on the installment sales contract by Patricia, that she would have the free and unimpeded use of the automobile, and would maintain the automobile and pay for its upkeep and licensing. All of that is irrelevant in this case, because irrespective of her use of the automobile, or her eventual payments, she was not in any legal sense the purchaser of the automobile. As a minor she could not even disaffirm the contract for purchase, under Section 41-1-304, MCA, because her name appears nowhere on the installment sales contract.
It is further clear in the record that Dennis Jordet intended to have the automobile which he had purchased for Patricia included as his scheduled automobile on his Truck Insurance Exchange policy. When he applied, he was discouraged in this by Truck’s agent, because of costs and other considerations, and it was only then that *239 he applied, and paid for, separate insurance for Patricia through Guaranty National Insurance Company.
It is idle therefore for the majority to contend that Dennis Jordet was not the owner of this automobile. Unless Ryan Oldsmobile consented, it was impossible under the law for Patricia to purchase the automobile because she was a minor. Their ineluctable intent was that Dennis Jordet would purchase and own the automobile so that Patricia Kent could enjoy its sole use.
Therefore this is not a case to which Safeco Insurance Company v. Lapp (Mont. 1985), [215 Mont. 196,] 695 P.2d 1310, 42 St.Rep. 289 applies. In Lapp, there is no doubt the parties intended that Lapp should own the automobile. In this case the parties intended that Jordet should own the automobile. In Lapp, the intent of the parties on ownership excluded Lapp from coverage. In this case the intent of the parties on ownership brings coverage under the Truck Insurance Exchange policy.
Ownership of the vehicle is the only issue in this case. If Dennis Jordet is the owner of the vehicle, under the retail installment sales contract, and also because of the certificate of title and certificate of registration, then the terms of Truck’s policy apply. The policy was written by Truck Insurance Exchange and needs no interpretation. The pertinent provisions of the policy which apply coverage in this case to Dennis Jordet as the owner of the 1979 Ford Bronco are these:
“Section II — Liability and Medical Coverage
“Insuring Agreements
“(1) Coverages
“The company agrees
“Coverages D(l) and D(2) - Automobile Liability and Farm Liability Insurance to pay on behalf of the insured all sums which the insured shall become legally obligated to pay because of bodily injury to any person and damage to property:
“D(l) Arising out of the ownership, maintenance, or use of any automobile.
“(3) With respect to the insurance afforded by this policy under COVERAGE D(l), the unqualified word “insured” includes (a) the named insured and, as respects the ownership, maintenance or use of any automobile covered by this policy, his relatives while residents of his household;
*240 “(1) Owned automobile means an automobile owned by the named insured;” (Emphasis added.)
At the time of the purchase and of the accident in this case, Patricia Kent was a relative, a sister-in-law, and a resident in the same household as the insured Dennis Jordet. Therefore she qualifies as an “insured” under the policy.
It makes no difference that the Ford Bronco is not listed on the schedule of vehicles attached to the policy. The language of the policy controls. In U.S.F. & G. v. Newman (9th Cir. 1981), 656 F.2d 457, 459, it was held:
“The policy extends liability coverage to ‘any . . . person while using an owned automobile.’ ‘Owned automobile’ is defined in the policy as an ‘automobile owned by the Named Insured’ and contains no limitation to vehicles listed on the policy. The ‘named insured’ in Casualty 75 is the partnership. The effect of these provisions is to extend liability coverage to the operation of vehicles owned by the partnership, whether listed on the schedule or not.”
In addition, the 1979 Ford Bronco was an “automobile owned by the named insured” under the statutes of this State. Section 61-3-105, MCA, provides that a person appearing under the public records as the registrant of any motor vehicle is prima facie deemed the owner thereof. Dennis Jordet applied to the State’s Registrar of Motor Vehicles for a certificate of his ownership, and a certificate of ownership (title) was issued by that official showing Dennis Jordet and Patricia Kent to be the owners of the automobile in question. Section 61-3-202, MCA. When the names and addresses of more than one owner who are members of the same family are listed on the certificate of ownership, joint ownership with right of survivor-ship is presumed. Section 61-3-202(3), MCA. As an owner of the automobile, he also applied for a registration and license. Section 61-3-303, MCA.
This case involves the sale of a used motor vehicle by an auto dealer. When an auto dealer in Montana acquires a used car, he picks up from the former owner the certificate of title, assigned in blank. When the used car dealer sells the used car, it is his duty to forward to the county treasurer within four working days the assigned certificate of ownership and certificate of registration, together with the application for title by the new owner. Section 61-4-111, MCA, provides that “upon compliance by the dealer with the requirements set forth in this section, title of said motor vehicle shall be deemed to have passed to the purchaser as of the date of *241 delivery of the vehicle to him by the dealer, and the dealer shall have no further liability or responsibility with respect to the processing of registration.”
In this case, Ryan Oldsmobile had performed the necessary functions and accordingly, under Section 61-4-111(2), MCA, title to the 1979 Ford Bronco passed to Dennis Jordet and Patricia Kent as of the date of delivery by Ryan Oldsmobile.
Under the facts of this case therefore, not only did Patricia Kent and Dennis Jordet intend that Dennis Jordet be an owner of the automobile, but under the statutes of Montana, he was an owner of the automobile.
Truck maintains that Jordet was only an “accommodation owner.” There is no such ownership estate for vehicles in Montana law; it would be irrelevant under the policy, because he was still an owner.
Kathy Nelson is a third party claimant against Patricia Kent because of an accident which occurred to the 1979 Ford Bronco insured by Truck at the time. Kathy’s right to insured coverage of her claim against Patricia Kent vested at the time of the accident. McLane v. Farmers Insurance Exchange (1967), 150 Mont. 116, 432 P.2d 98. The self-serving statements elicited after the accident from Dennis Jordet, Chris Jordet, and Patricia Kent that Patricia had the sole use of the automobile following its purchase fail to overcome this fact: Dennis Jordet was an owner of the automobile when Kathy Nelson was injured. The policy coverage applies.
MR. JUSTICE HUNT, joins in the dissent of MR. JUSTICE SHEEHY.