No. 88-001

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

COLONIAL INSURANCE COMPANY
OF CALIFORNIA,

        Plaintiff and Respondent,

   -vs-

ROGER LEE BLANKENSHIP,

        Defendant,

   -and-

DAVID P. SANDFORD,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James T. Harrison, Jr.; Harrison Loendorf and Poston, P.C.
Helena, Montana (David P. Sandford)
Glen L. Drake, Keller, Reynolds, Drake, Sternhagen and
Johnson, Helena, Montana (Roger Lee Blankenship)

    For Respondent:

        Stephen M. Frankino; Hughes, Kellner, Sullivan and
Alke, Helena, Montana

---

Submitted on Briefs:  March 24, 1988

Decided: May 3, 1988

Filed: MAY 3 - 1988

*Ethel M. Harrison*

Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

Plaintiff David P. Sandford appeals an order of the First Judicial District Court, Lewis and Clark County, granting summary judgment in favor of respondent Colonial National Insurance Company (Colonial). We affirm.

On September 20, 1986, Colonial renewed an automobile liability insurance policy that Colonial had previously issued to John Lloyd Johnson. Colonial's policy with Johnson insured Johnson's 1982 Chevrolet Camaro.

On October 3, 1986, Johnson sold the Camaro to his cousin, Roger Lee Blankenship, for $7000. Blankenship paid Johnson $5000 of the purchase price and orally agreed to pay the remaining $2000 within one year. The parties did not execute an agreement with respect to the $2000 and Johnson did not secure the debt with a lien. Following Johnson's transfer of the certificate of title, Blankenship executed an application for a new title. A review of Blankenship's application for a new title shows that the Camaro was subject to a lien in favor of Southwest Montana Federal Credit Union.

Subsequent to the above-described transaction, Johnson delivered the Camaro to Blankenship who immediately took possession. On October 4, 1986, Blankenship drove the Camaro to Helena.

At approximately 1:00 a.m. on October 5, 1986, Blankenship was driving the Camaro when he collided with a motorcycle driven by appellant David Sandford. As a result, Sandford was seriously injured. Blankenship fled the accident scene. In January or February 1987, Blankenship admitted to law enforcement authorities that he was involved in the October 5, 1987, accident.

On or about October 13, 1986, Blankenship purchased insurance, from another insurer, for the Camaro.

2

Approximately three months later, Blankenship gave John Lloyd Johnson another vehicle in lieu of the $2000 debt owed to Johnson. Blankenship testified, by deposition, that Johnson agreed to leave his insurance on the Camaro until Blankenship could get coverage. Blankenship also stated that Johnson gave Blankenship Johnson's certificate of insurance.

Blankenship did not request Colonial to transfer Johnson's insurance policy to Blankenship. Colonial did not learn of the accident until Blankenship admitted his involvement in January or February 1987.

On May 19, 1987, Colonial brought this action seeking a declaratory judgment and requesting a stay of proceedings in a companion case. Following a hearing on October 15, 1987, the District Court, on November 3, 1987, granted summary judgment in favor of Colonial.

On appeal, defendant Sandford raises one issue for our review:

Did the District Court err when it held that Colonial's automobile liability insurance policy issued to John Lloyd Johnson affords Roger Lee Blankenship neither coverage nor a defense to the claims asserted against him by David P. Sandford?

Appellant Sandford contends the District Court erred when it found that Colonial's policy with Johnson did not provide liability coverage to Blankenship. Colonial's policy provides that an "insured person" means the owner, the owner's spouse or a permissive user. Appellant Sandford does not contend that Blankenship is a permissive user. Therefore, we must determine whether the District Court properly found that the sale was not conditional and that Johnson and Blankenship were not joint owners.

Previously we considered the issue of who was the owner of an automobile for insurance purposes. In Safeco Insurance

Company v. Lapp (Mont. 1985), 695 P.2d 1310, 1312, 42 St.Rep. 289, 290, we stated: "Ownership for insurance purposes can be determined by the intent of the parties and language of the insurance contract." In Lapp the certificate of title had not been transferred to the buyer at the time of the accident. However, we held that, based on the intent of the parties, the purchaser was the owner of the vehicle. Lapp, 695 P.2d at 1312, 42 St.Rep. at 290. Clearly, Blankenship is the automobile's owner under Lapp.

Section 61-1-310, MCA, defines an automobile "owner." It provides:

> "Owner" means a person who holds the legal title to a vehicle. If a vehicle is the subject of an agreement for the conditional sale thereof with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee, or in the event a vehicle is subject to a lease, contract, or other legal arrangement vesting right of possession or control, for security or otherwise, or in the event a mortgagor of a vehicle is entitled to possession, then the owner is the person in whom is vested right of possession or control. [Emphasis added.]

In Truck Insurance Exchange v. Nelson (Mont. 1987), 743 P.2d 572, 44 St.Rep. 1482, we clarified "intent of the parties" to mean the parties to an insurance contract. "The purchase of property and the insurance of property are distinct transactions . . . The purchase contract is essentially irrelevant to the acquisition of insurance. We will not allow the purchase agreement to dictate the interpretation of the insurance agreement." Nelson, 743 P.2d at 574, 44 St.Rep. at 1485. See also, § 61-1-310, MCA.

4

Appellant Sandford contends that at the time of the accident Blankenship owed Johnson $2000 on the purchase price. Therefore, appellant argues, the sale was conditional and the parties were joint owners. Appellant cites the endorsements section of Colonial's insurance policy which provides:

> . . . Except with respect to bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance, the named insured is the sole owner of the vehicle unless otherwise stated herein: Absence of an entry means no exception. [Emphasis added.]

After careful review of the record, we hold the District Court correctly found the sale was not conditional. Johnson was the named insured in the policy. Neither Blankenship nor Johnson requested Colonial to transfer Johnson's policy to Blankenship. The sale to Blankenship was not entered as an exception. Further, appellant presented no evidence that Johnson retained any interest in the Camaro. The $2000 owed by Blankenship to Johnson was simply an unsecured debt and not part of a conditional sale. Additionally, Blankenship acquired title to the car and exercised total control of the automobile.

If, arguendo, we agreed with appellant that the automobile sale was conditional, § 61-1-310, MCA, determines the issue in an identical manner. Section 61-1-310, MCA, provides in pertinent part: "If a vehicle is the subject of an agreement for the conditional sale . . . the owner is the person in whom is vested the right of possession or control." Therefore, Blankenship, as the person in possession of the Camaro, is the "owner" under § 61-1-310, MCA. Johnson's insurance policy with Colonial does not afford Blankenship, as owner of the Camaro, with coverage.

5

Clearly the contract, the record and § 61-1-310, MCA, support the District Court's finding the sale was not conditional and that Colonial's policy with Johnson affords Blankenship neither coverage nor a defense to claims asserted against him by appellant Sandford.

Accordingly, the judgment of the District Court is affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6