FILED

February 24 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0477

DA 14-0477

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 61N

KENNETH E. WHEELER, JR. and JACQUELINE A. WHEELER,

      Plaintiffs and Appellees,

   v.

CONNIE WEBBER, d/b/a Judgment Recovery Enterprise,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-14-518(D)
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Connie Webber (self-represented); Kalispell, Montana

      For Appellees:

          Thane P. Johnson, Johnson, Berg & Saxby, PLLP; Kalispell, Montana

Submitted on Briefs:  January 21, 2015
Decided:  February 24, 2015

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of nonciteable cases published in the Pacific Reporter and Montana Reports.

¶2 Connie Webber appeals from the order of the Montana Eleventh Judicial District Court, Flathead County, granting partial summary judgment in favor of Kenneth and Jacqueline Wheeler.

¶3 On November 12, 2013, Lawrence and Lori Keller obtained a judgment in Flathead County Justice Court against Theresa and Brad Chabot. The judgment was in the amount of $7,090. On May 6, 2014, the Kellers assigned their judgment against the Chabots to Webber.

¶4 On May 8, 2014, Webber applied to the Flathead County Justice Court for a warrant of execution for a storage unit leased by the Chabots. Webber believed that a pontoon boat belonging to the Chabots was stored in the unit. The Justice Court granted the warrant the next day, and a levying officer seized the pontoon boat and its trailer.

¶5 On May 15, 2014, the Chabots filed a notice of claimed exemptions in the Justice Court. The notice alleged that the boat and trailer were exempt from execution because the Chabots had already sold them to the Wheelers. They contended that the boat and trailer only remained in their storage unit because they agreed with the Wheelers to store the boat until such time as the Wheelers could retrieve it. In support of these allegations, the Chabots provided a bill of sale, certificates of title, and a check from the Wheelers for $48,000. The

2

bill of sale is dated March 29, 2014. The Wheelers' check was dated April 13, 2014. It cleared the bank three days later. Although the Wheelers never signed the certificates of title, the Chabots did so on April 16, 2014.

¶6    The Justice Court conducted a hearing on the claimed exemptions on June 23, 2014, and it issued an order on June 24, 2014. Reasoning that delivery of the boat and trailer had not occurred, the court decided that title to the boat and trailer had not passed from the Chabots to the Wheelers prior to Webber's seizure.

¶7    Meanwhile, on May 16, 2014, the Wheelers had filed a complaint against Webber in the District Court. In it, the Wheelers alleged that they had purchased the boat and trailer from the Chabots and that ownership had passed to them before Webber seized the property. The Wheelers asked for injunctive relief directing the return of their boat and trailer and for damages for conversion.

¶8    Following the hearing in Justice Court, both Webber and the Wheelers moved for summary judgment on the Wheelers' claim for conversion and on their claim for injunctive relief. The District Court decided that the Wheelers established a property interest sufficient to entitle them to return of their boat and trailer. It found, however, that genuine issues of fact remained regarding whether Webber exercised unauthorized control, which it decided is one of the elements of conversion. For these reasons, the District Court denied summary judgment on the conversion claim, but it granted summary judgment in favor of the Wheelers on their claim for injunctive relief.

¶9    Webber appeals. She argues that since the certificates of title were never signed by the Wheelers, the Wheelers never received ownership of the boat or trailer. For this reason

3

she claims that summary judgment should have been denied and that the boat and trailer should not be returned to the Wheelers.

¶10 The District Court correctly noted that transfer of a valid certificate of title was not required to transfer ownership. Rather than determining legal ownership of vehicles, Title 61, MCA, which governs vehicle registration and certificates of title, is "primarily aimed at public regulation of automobiles." *Safeco Ins. Co. v. Lapp*, 215 Mont. 196, 199, 695 P.2d 1310, 1312 (1985). The statutes in that title dictate the procedures for obtaining certificates of title, but they do not regulate how ownership may be obtained or transferred. *See, e.g.*, § 61-3-220, MCA. Indeed, as used in Title 61, MCA, "owner" is defined as "a person who holds the legal title to a vehicle. . . . [T]he owner is the person in whom is vested the right of possession or control." Section 61-1-101(52), MCA. This definition makes no reference to the certificate of title, which is merely the "verifiable *record* of ownership." Section 61-1-101(7), MCA (emphasis added). Title 61, MCA, and the certificate of title have no bearing on this appeal.

¶11 Instead, Montana's Uniform Commercial Code (MUCC), Title 30, chapter 2, MCA, provides the rules for determining ownership. The MUCC applies to transactions in goods. Section 30-2-102, MCA. Goods include "all things . . . which are movable at the time of identification to the contract for sale." Section 30-2-105(1), MCA. As a boat and a trailer are movable, the sale of a boat and a trailer is a transaction in goods. *Cf. Safeco Ins. Co.*, 215 Mont. at 200, 695 P.2d at 1313 (holding that an automobile was movable and therefore a good for the purposes of the MUCC). Thus, the MUCC controls our decision in this case.

¶12 According to the MUCC, the "rights of unsecured creditors of the seller with respect to goods which have been identified to a contract for sale are subject to the buyer's rights to recover the goods under this chapter (30-2-502 and 30-2-716)." Section 30-2-402(1), MCA. Here, Webber is an unsecured creditor, the Chabots are sellers, and the Wheelers are buyers. Thus, Webber's rights to the boat and trailer were subject to the Wheelers' rights if the goods were identified to the contract of sale between the Chabots and Wheelers.

¶13 If there is no agreement to the contrary, identification occurs "when the contract is made if it is for the sale of goods already existing and identified." Section 30-2-501(1)(a), MCA. Here, the Wheelers and Chabots did not explicitly agree how and when identification to the contract would occur, and the boat and trailer existed and were identified at the time the contract for sale was made. Thus, in this case identification occurred at the time the contract was made.

¶14 As identification happened before Webber seized the boat and trailer, the Wheelers' rights to the boat and trailer are superior to Webber's. Section 30-2-402(1), MCA. The Wheelers, therefore, have the right to recover the boat and trailer. Sections 30-2-402(1) and -716, MCA.

¶15 Yet, Webber further argues that the District Court erred by allowing the Wheelers to recover the boat and trailer because the order in the Justice Court, which preceded the District Court's order, held that the Wheelers did not have title to the boat and trailer. Webber contends that this order has preclusive effect and that the District Court erred by rendering a judgment inconsistent with the Justice Court's order.

¶16    The Justice Court's order is not inconsistent with the District Court's order and, even if it could do so, it does not preclude the District Court's order. The Justice Court found that title did not pass to the Wheelers. The District Court did not find otherwise. Instead, it found, consistent with our reasoning above, that the goods had been identified to the contract and that upon identification a "special property" passed to the Wheelers. Section 30-2-501(1), MCA. This special property was enough under the MUCC to give the Wheelers greater rights to the boat and trailer than Webber. Section 30-2-402(1), MCA. It was not necessary for title to pass. *See* § 30-2-401, MCA (governing transfer of title based on transactions in goods and stating that "[e]ach provision of this chapter with regard to the rights, obligations and remedies of the seller, the buyer, purchasers or other third parties applies irrespective of title to the goods except where the provision refers to such title"); *see also* §§ 30-2-402 and -716, MCA.

¶17    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for nonciteable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON

6

/S/ JIM RICE